# PARKER HANSKI LLC

40 WORTH STREET, SUITE 602
NEW YORK, NEW YORK 10013
PHONE: 212.248.7400
ASH@PARKERHANSKI.COM

December 22, 2023

*Via ECF*

The Honorable Edgardo Ramos
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square. New York, NY 10007

**MEMO ENDORSED**

Re:     *Request to Adjourn Filing Deadlines and to Set Pre-Motion Conference*
        *Dedra De La Rosa v. Cynthia Lam and Frank Lam, as Tenants by the Entireties, and*
        *Necessary Clothing, Inc.*
        *Docket No. 1:19-cv-10317 (ER)(JLC)*

Dear Judge Ramos:

Parker Hanski LLC represents plaintiff Dedra De La Rosa in the above-entitled action.
We write to respectfully ask Your Honor to adjourn the pretrial filings due today, December 22,
2023, to a date after the conference set for January 18, 2024. Additionally, as further detailed
below, plaintiff respectfully asks the Court to convert the January 18 conference to a pre-motion
conference for plaintiff's anticipated motion to enforce the parties' settlement.

This is the first request to adjourn the deadline for pretrial filings. Defendants consent to
plaintiff's request to adjourn the pretrial filings. This adjournment request will affect the
following scheduled dates:

| Item | Scheduled Date |
|---|---|
| Trial | January 22, 2024 |
| Defendants' Responses to Pretrial Filings | January 5, 2024 |
| Final Pretrial Conference | January 18, 2024 |

Plaintiff apologies for making this application after the cut-off date to request an
adjournment of the filing deadlines. Unfortunately, this belated adjournment request is
necessitated by defendants' last-minute failure to sign the stipulation agreed to by the parties in
settlement of plaintiff's claim under Title III of the Americans with Disabilities Act ("ADA"), 42
U.S.C. 12181 *et seq.* A circumstance that defendants informed plaintiff of at 2:15 p.m. today,
Dec. 22, 2023 - despite plaintiff's repeated calls and emails to defendants regarding the
stipulation throughout the week.

As the parties have settled plaintiff's ADA claim, as only injunctive relief is available to
plaintiff under the ADA, the remaining claims left for trial are plaintiff's damages claims under
the New York Human Rights Law ("NY HRL"), Title 15 of Executive Law; and the City Human
Rights Law, ("City HRL") Title 8 of the N.Y.C, Administrative Code. Plaintiff, however, must
now move to enforce the parties' settlement, and the outcome of plaintiff's anticipated motion
will directly affect the issues and claims for trial.

## Background

Plaintiff, an individual with a disability, brought her action under the ADA, and the analogous NY HRL and City HRL (together with the ADA, the "Human Rights Laws"). Plaintiff alleges that defendants discriminate against her based on disability in violation of the Human Rights Laws. Defendants do so, plaintiff alleges, as they own, operate, and lease a place of public accommodation, the Necessary Clothing store, so that it is not readily accessible and usable to plaintiff as a person with a disability.

## The Parties' Settlement

With respect to plaintiff's ADA claim, the parties already agreed on the injunctive relief, to resolve her claim. The parties also agreed on and finalized a written stipulation that documented the injunctive relief that resolved plaintiff's ADA claim. As defendants repeatedly represented to this Court, the agreement on injunctive relief was binding on the parties. For example, in a letter defendants filed with the Court on November 3, 2023, Defendants reaffirmed their prior representations that there was a binding settlement to the Court. Defendants wrote **"[a]s a reminder to the Court, we have agreed and finalized a settlement agreement as to the injunctive relief."** ECF No. 73. (Emphasis added). Only a ministerial act remained, affixing counsel's signature to the stipulation.

## Pre-Motion Conference Request

Defendants' bad faith failure to sign the agreed to stipulation will require plaintiff to seek relief from this Court. Plaintiff will submit a letter that sets forth the basis of her anticipated motion to enforce the parties' settlement after the New Year. If the Court is amenable to providing a briefing schedule for plaintiff's pre-motion letter and defendants' opposing letter so that the January 18, 2024 conference can be converted to a pre-motion conference, plaintiff respectfully requests a briefing schedule from the Court.

Given the foregoing, plaintiff respectfully asks the Court to adjourn the pretrial filings to a date after January 18, 2024, and to convert the conference set for January 18 to a pre-motion conference for plaintiff's anticipated motion to enforce the parties' settlement.

Respectfully,

_____/s/_____

Adam S. Hanski

Plaintiff's request to adjourn the deadline for pretrial submissions and to convert the January 18, 2024, 4:00 p.m. conference to a pre-motion conference is granted.  The conference will be held at the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York 10007, in Courtroom 619.  Plaintiff shall submit a pre-motion letter by January 10, 2024.  Defendants shall respond by January 16, 2024.  SO ORDERED.

Edgardo Ramos, U.S.D.J.
Dated: January 4, 2024
New York, New York

2